Wachtler, J.
(dissenting). The order of the Appellate Division should be reversed. There is substantial evidence in the record to support the determination of the State Human Rights Division that the county discriminated against complainant because of his physical disability. Indeed the uncontradicted evidence shows that this is precisely the type of discriminatory practice the Human Rights Law was designed to prohibit.
Complainant is a Vietnam War veteran who was wounded in combat. He was shot in both legs and, as a result has lost some mobility in his right knee. After being discharged from the service he applied for employment with Monroe County. He informed the county of his disability and on the basis of *730 this and the other information in his application he was hired as a "maintenance mechanic”, a job involving general maintenance duties.
On the job he performed all assigned tasks satisfactorily. Nevertheless he was summarily fired when his supervisors received the results of his employment physical which indicated that he was unable to assume a full squatting position.
The county admits that the complainant was fired because of his disability. It denies however that this was discriminatory and claims instead that the disability "relates” to his employment. The argument is entirely abstract. There is no factual support based on testing or experience to prove or even indicate that complainant’s disability would hamper his capacity to perform his job. The disability did not interfere with the performance of his duties during the brief period of his employment. There is no showing that it will interfere in the future. Neither is there any contention that the complainant’s disability will pose a safety hazard for himself or others (Matter of State Div. of Human Rights v Averill Park Cent. School Dist., 46 NY2d 950). Apparently the county simply wants to avoid any potential inconvenience.
One of the primary purposes of this State’s Human Rights Law is to deny employers the right to refuse to employ individuals who because of their race, sex, age or physical disability, are thought, by some, to be less capable than other workers. The statute puts the employer to his proof by requiring him to show that the particular individual is actually not able to adequately perform the job he seeks. Here, however, assumption has, once again, taken the place of proof and an employee who was openly fired due to his physical disability is denied relief because the county apparently fears, but cannot prove, that he might not be able to perform as well as those without any handicap.
This is unfortunate because it deprives the handicapped of the minimal protection from discrimination, based on unreasonable fears, which the Legislature so obviously intended to provide. It is particularly unfair in this case since the disability which legally, but not logically, serves to disqualify the complainant from holding this job with his county government, is the result of wounds received in the service of his country.